IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :     CRIMINAL NO. 23-536-2 |
| | : |
| QUADIR IBN ABDUL SMITH | : |

**MEMORANDUM**

**KENNEY, J.**                                                             **FEBRUARY 28, 2025**

Before the Court is Defendant Quadir Ibn Abdul Smith's *pro se* motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) citing a recent amendment to the United States Sentencing Guidelines—Amendment 829. ECF No. 83. Smith pleaded guilty to one count of carjacking and aiding and abetting under 18 U.S.C. §§ 2119 and 2, and one count of use of a firearm during a crime of violence and aiding and abetting under 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. ECF No. 82. The Court sentenced Defendant to 96 months of imprisonment. *Id.* Defendant's motion is denied for the reasons discussed below.

**I.    LEGAL STANDARD**

Amendment 829 went into effect on November 1, 2024, amending the policy statement in U.S.S.G. § 5H1.1 and states that a downward departure in sentencing "may be warranted due to a defendant's youthfulness at the time of the offense[.]" 18 U.S.C. § 3582(c)(2) allows a federal court to reduce a defendant's sentence if the defendant was originally sentenced based on a sentencing range that has been subsequently lowered by the sentencing commission if that reduction is consistent with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction in sentence is not consistent with the

Sentencing Commission's policy statements if "[n]one of the amendments listed in subsection (d) is applicable to the defendant[.]" U.S.S.G. § 1B1.10(a)(2)(A). In other words, only those amendments listed in U.S.S.G. § 1B1.10(d) have retroactive effect and may reduce a defendant's sentence after that sentence was imposed.

## II.    DISCUSSION

Amendment 829 does not authorize a reduction in Defendant's sentence because it does not have retroactive effect. Amendment 829 is not listed in USSG § 1B1.10(d) and therefore does not retroactively apply in Defendant's case. Courts in other jurisdictions have refused to apply Amendment 829 retroactively. *See*, *e.g.*, *United States v. Stewart,* No. 09-CR-0312(4), 2024 WL 4699902 (D. Minn. Nov. 6, 2024); *United States v. Haylock*, No. 19 CR. 846-6 (KPF), 2024 WL 4691023 (S.D.N.Y. Nov. 6, 2024),

Moreover, the Court explicitly considered Defendant's youthfulness at sentencing when imposing the 96-month sentence. *See* ECF No. 89 at 25:12-25, 26:23-24, 29:6-20.

## III.    CONCLUSION

Defendant cannot rely on Amendment 829 for a post-conviction reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) because the Amendment does not apply retroactively. The Court therefore denies Defendant's motion to modify his term of imprisonment. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____
**CHAD F. KENNEY, JUDGE**